IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00659-BNB

CEOLA BEN SWINEY,

    Plaintiff,

v.

RICKY EVANS,

    Defendant.

ORDER OF DISMISSAL

Plaintiff, Ceola Ben Swiney, currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Swiney filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

Mr. Swiney has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. *See* ECF No. 4. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Swiney asserts are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the instant action.

The Court must construe the Prisoner Complaint liberally because Mr. Swiney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

Mr. Swiney contends that on November 10, 2013, Defendant, Ricky Evans, his parole officer, placed a parole hold on him for new felony charges he contends were dismissed three days later on November 13, 2013. He complains that Mr. Evans would not release him from the downtown Denver detention center because the district attorney was going to refile the dismissed charges, which were refiled on December 4, 2013. Mr. Swiney complains he was illegally incarcerated for twenty-one days between November 13 and December 4 (claim one). He also complains he suffered mental anguish while confined at the downtown Denver detention center because he suffers from a sleep disorder and was subjected to twenty-three hour lockdown with no human contact other than the deputies (claim two).

Mr. Swiney's claim for damages base on the allegedly wrongful confinement at the Denver detention center must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Although Mr. Swiney is not challenging the validity of a conviction or sentence, the rule in *Heck* also applies to other claims that challenge the validity of the length of an inmate's confinement.  See *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation); *see also Griffin v. Hickenlooper*, No. 12-cv-01379-BNB, 2012 WL 3962703 (D. Colo. Sept. 10, 2012) (not published) (plaintiff's claim regarding allegedly illegal imprisonment pursuant to parole hold following arrest barred by the rule in *Heck*).  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

      Mr. Swiney's claim challenging the allegedly illegal parole hold implicates the validity of his confinement pursuant to that parole hold.  Mr. Swiney does not allege, and there is no indication in the Prisoner Complaint, that he has invalidated the allegedly illegal confinement he is challenging.  Therefore, Mr. Swiney's claim for damages challenging the allegedly illegal parole hold is barred by the rule in *Heck* and must be dismissed.

      Mr. Swiney's claim that he suffered mental anguish while confined at the downtown Denver detention center is legally frivolous and must be dismissed.  Plaintiff does not allege he suffered any physical injury at the hands of Defendant.  Therefore, even if Plaintiff's Prisoner Complaint stated a cause of action under § 1983, it would be barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a prior physical

injury. In addition, merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that Plaintiff's illegal parole hold claim (claim one) is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Mr. Griffin's mental anguish claim (claim two) is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the clerk of the Court correct the docketing records for this case to include Plaintiff's middle name "Ben" listed on the Prisoner Complaint. It is

FURTHER ORDERED that any pending motions are dismissed as moot.

DATED at Denver, Colorado, this  10th  day of   March   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court